No. 17,437.

ELWOOD EDWARDS, INC., ET AL *v.* HUGO F. SILL.
(282 P. [2d] 1083)

Decided April 25, 1955.   Rehearing denied May 16, 1955.

Messrs. DAVIS & LUTZ, Mr. FRED W. MATTSON, for plaintiffs in error.

Mr. GAIL H. HADDOCK, Mr. PAUL S. DWYER, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

WE will refer to plaintiffs in error by name or as the corporation, and to defendant in error as Sill.

The corporation formerly operated an automobile business and sold at least a portion of its assets and the business location, including the real estate where it operated, to Sill. The corporation over a period of time established under the Colorado Employment Act, being Section 10, as amended, chapter 167 A. '35 C.S.A. an experience rating so that its contribution to the employment compensation fund was rated O.O. per cent.

Pursuant to the provisions of the Act creating the fund and the Department of Employment Security, Sill filed his action in the District Court against Bernard E. Teets, as Executive Director of Employment Security; Elwood Edwards, Inc., a Colorado Corporation, and Elwood Edwards, alleging that he had by purchase acquired substantially all the assets of the corporation; was an employer within the terms of the Act; that he was entitled to the experience rating formerly held by the corporation. That defendant Teets, as Director, after first notifying Sill that the corporation's experience rating had been transferred to him, advised Sill that the said order of transfer had been revoked and by action of Director Teets, had been awarded to the corporation. Sill alleged that this action of the Director was "arbitrary, capricious and contrary to the facts and law involved," and by reason thereof Sill had been compelled to pay into said Fund $1,574.12 as a contribution, for which he sought a return, and he prayed for an order that said Director be required to make the transfer of said experience rating to Sill, and to refund the moneys paid by him. Issue was joined by answer of

the corporation and Elwood Edwards, who it is admitted is a nominal party only. Mr. Teets, as Executive Director of Employment Security, filed an answer in which he denied the alegations of Sill's complaint.

After hearing in the District Court, the trial judge found the issues in favor of Sill and entered judgment that the Commissioner was in error in revoking the transfer theretofore made to Sill; entered judgment that the Director issue to Sill the rating theretofore held by Elwood Edwards, Inc., and to refund to Sill the payments he had made. Thereupon the corporation and Elwood Edwards brought the case here by writ of error.

The executive Director of the Department of Employment Security has not appeared in this court, neither has he sought a writ of error to review the judgment. No summons to hear errors has been served upon him.

That the Director was a necessary party to a determination of the cause cannot be denied, for he was made a party in the original complaint. The relief demanded by Sill was against the Department and its Director, not only for a transfer of the experience rating to him, but also for a return of the moneys which Sill claimed were erroneously demanded by the Director, and which Sill had paid.

The Director was represented in the trial court by the Attorney General. No attempt has been made by his counsel to have the judgment of the trial court reviewed. What counsel for plaintiffs in error here seek to do is to assert that the judgment against the real defendant in the trial court, who they do not represent, was erroneously entered. The real defendant has acquiesced in the judgment.

In *J. H. Hincke Printing Co. v. Bailey, Trustee*, 83 Colo. 242, 263 Pac. 719, we said: "The Hincke company, purchaser at the foreclosure, and the mortgagees, were represented by different counsel. Counsel for the former has assumed to argue in this Court certain points on behalf of all defendants, but as said above, the mortgagees are not in this court; * * * they have acquiesced in the decree,

and arguments for them other than by their own counsel may be safely disregarded."

There is nothing for us to review as between the parties who here appear. What Sill sought and obtained, was a judgment and order against Director Teets. The corporation and Edwards, doubtless were interested in the outcome of the suit, but unless the Director complains of an adverse judgment against him, we have no jurisdiction to review the judgment—for he is concluded by his failure to sue out a writ of error.

The writ of error must, therefore, be dismissed and it is so ordered.